IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHAD P. KELLER,**

    **Petitioner,**

**v.**

**JAMES CROSS,**[1]

    **Respondent.**                  **No. 10-cv-478-DRH-DGW**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Pending before the Court is petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). For the following reasons, petitioner's Section 2241 petition is **DENIED** and his claims are **DISMISSED AS MOOT**.

At the time petitioner filed his Section 2241 petition, he was housed at the Federal Correctional Institution, Greenville, Illinois (FCI Greenville). Petitioner was convicted in the United States District Court for the Central District of Illinois for conspiring to manufacture more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Thus, on December 18, 2003, United States District Judge Michael P. McCuskey sentenced petitioner to a ten-year term

---

[1] James Cross is the current warden of the Federal Correctional Institution in Greenville, Illinois, and therefore, is " . . .the person who has custody over [Petitioner] . . ." 28 U.S.C. § 2242. As such, Warden Cross should be substituted for Warden Sherrod as the named respondent in this case.

of imprisonment and five years of supervised release. Petitioner's projected release date is October 28, 2012, via good conduct release.

The crux of petitioner's instant claims centers on the denial of his requested placement in a Residential Re-Entry Center (RRC) for a period of twelve months prior to his projected release date. The Bureau of Prisons (BOP) determined a period of RRC placement above six months was not warranted. Generally, petitioner alleges the warden at FCI Greenville violated his constitutional rights by (1) failing to consider him for placement in a RRC for a period longer than six months; (2) administering the Bureau of Prisons (BOP) policy, which either officially or unofficially, establishes six months or less as the default time for RRC placement; and (3) failing to make an individualized determination concerning his placement (Doc. 1); (Doc. 12).

Magistrate Judge Donald G. Wilkerson issued a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SDIL-LR 72.1(a), recommending denial of petitioner's summary judgment motion and dismissal of his claims (Doc. 18). The R&R reviewed the merits of petitioner's claims, as stated in his Section 2241 petition, in addition to his subsequently filed motion for summary judgment (Doc. 12). The R&R concludes that based upon the record and declaration of Case Manager Lyons (Doc. 7-5), the record supports the conclusion that the BOP followed the provisions of 28 C.F.R. § 570.22, and considered the relevant factors of 18 U.S.C. § 3621(b) in making its assessment.

The R&R thus finds that the BOP's decision to deny petitioner placement in an RRC for a period longer than six months was not arbitrary, capricious, or an abuse of discretion and that petitioner has not shown that the BOP's decision implicates any of these concerns. Further, the R&R noted that even if the Court were to determine that the BOP's decision was arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute, it would not be able to direct immediate RRC placement, but merely direct the BOP to reconsider its decision in light of the Second Chance Act's requirements. *See Ford v. Cross*, No. 10-cv-0224-DRH, 2010 WL 3958650, *3 (S.D. Ill. Oct. 8, 2010); *Pollard v. Cross*, No. 10-00143, 2010 WL 4293066, *3 (S.D. Ill. Oct. 1, 2010) (citing *Michael v. Shartle*, No. 4:10CV1132, 2010 WL 2817223, *3 (N.D. Ohio July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement.")).

The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections." In accordance with the notice, petitioner filed timely objections to the R&R (Doc. 19). Petitioner objects to the R&R's findings, stating, "the decision to deny [petitioner] 12 months of halfway house placement was arbitrary, capricious, and a result of an abuse of discretion," as his family offered to house him for the full twelve month period should he be approved. However, it has independently come to the Court's attention that shortly after filing his objection, petitioner was released from FCI Greenville. He is

currently housed at an RRC, awaiting his projected release date of October 28, 2012. Thus, the Court issued a Show Cause Order on July 12, 2012, directing petitioner to show cause by August 10, 2012, why his claims should not be dismissed as moot (Doc. 20). Petitioner has failed to so respond.

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." The Supreme Court has concluded that "[t]he Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000). Mootness is jurisdictional. *See Evers v. Astrue,* 536 F.3d 651, 662 (7th Cir. 2008) ("Mootness is a threshold jurisdictional question that insures that the court is faithful to the case or controversy limitation in Article III of the Constitution."). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)).

Petitioner's seeks a ruling of this Court compelling an earlier RRC placement date than that determined by the BOP. Thus, petitioner's transfer to an RRC has rendered his habeas petition moot. *See Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) ("Because Demis already was transferred to [an RRC]

and now has been released from custody, no actual injury remains that the Court could redress that we could redress with this appeal. We therefore must dismiss Demis' appeal as moot). Moreover, "although a habeas action is not *necessarily* mooted by the expiration of a petitioner's sentence, 'some concrete and continuing injury other than the now-ended incarceration or parole- some 'collateral consequence' of the conviction- must exist if the suit is to be maintained." *Id.* at 515 (citing *Spencer,* 523 U.S. at 7). Instantly, petitioner has not alleged collateral consequences capable of maintaining this Court's jurisdiction, as he merely challenged the length of his RRC placement. Finally, in reviewing the R&R's findings, the Court similarly concludes that the BOP's decision was not arbitrary, capricious, or an abuse of discretion, *See* 5 U.S.C. § 706.  Accordingly, petitioner's Section 2241 petition is **DENIED** and his claims are **DISMISSED with prejudice as MOOT** (Doc. 1).

**IT IS SO ORDERED.**

Signed this 15th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.15 16:24:37 -05'00'

**Chief Judge
United States District Court**